

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. B. Allred
County Auditor
Baylor County
~~Wichita Falls, Texas~~
Seymour, texas
Dear Sir:

Opinion No. O-1891
Re: Can the commissioners' court
allow the county clerk ex-
penses for postage and extra
help when such expenses repre-
sent an accumulation over a
nine year period?

Your request for an opinion of this department
on the above stated question has been received.

We quote from your letter as follows:

"The Commissioners' Court of Baylor County
has asked me, as their County Auditor, to get a
ruling from you relative to payment of expenses
of their county clerk over a period running
back as far as nine years for extra help and
postage. It is my understanding that this offi-
cer's fees are supposed to cover any extra help
he uses in his office, as well as the expense
for postage. During the time I have been county
auditor in Baylor County, which is only part
time work, since the county is not large enough
to require full time, the county has paid this
officer ex-officio in an amount for county and
district clerk averaging around $1,400.00 per year,
and it seems that these expenses should have
been taken care of by the officer from these
payments. Also, in view of the fact that the
officer is expected to make an expense state-
ment monthly to the court, which he has done and
in which he has not claimed these expenses, it
is my belief that he is not entitled to claim
them at this late date.

"I would like to have your opinion on this

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

matter for the full period or any part of the
nine year period."

Article 3899, Vernon's Annotated Civil Statutes,
reads in part as follows:

"(a) At the close of each month of his
tenure of office each officer named herein
who is compensated on a fee basis shall make
as part of the report now required by law,
an itemized and sworn statement of all the
actual and necessary expenses incurred by
him in the conduct of his office, such as sta-
tionery, stamps, telephone, premiums on offi-
cials' bonds, including the cost of surety
bonds for his Deputies, premium on fire, bur-
glary, theft, robbery insurance protecting
public funds, traveling expenses and other
necessary expenses. The Commissioners' Court
of the county of the Sheriff's residence may,
upon the written and sworn application of the
Sheriff stating the necessity therefor, pur-
chase equipment for a bureau of criminal iden-
tification such as cameras, finger print cards,
inks, chemicals, microscopes, radio and labora-
tory equipment, filing cards, filing cabinets,
tear gas and other equipment in keeping with the
system in use by the Department of Public Safe-
ty of this State of the United States Department
of Justice and/or Bureau of Criminal Identifica-
tion. If such expenses be incurred in connection
with any particular case, such statement shall
name such case. Such expense account shall be
subject to the audit of the County Auditor, if
any, otherwise by the Commissioners' Court; and
if it appears that any item of such expense was
not incurred by such officer or such item was
not a necessary expense of office, such item
shall be by such auditor or court rejected, in
which case the collections of such item may be
adjudicated in any court of competent jurisdiction.
The amount of salaries paid to Assistants and De-
puties shall also be clearly shown by such offi-
cer, giving the name, position and amount paid
each; and in no event shall any officer show

any greater amount than actually paid any such
Assistant or Deputy. The amount of such ex-
penses, together with the amount of salaries
paid to Assistants, Deputies and Clerks shall
be paid out of the fees earned by such officer.
The Commissioners' Court of the county of the
Sheriff's residence may, upon the written and
sworn application of the Sheriff stating the
necessity therefor, allow one or more automo-
biles to be used by the Sheriff in the dis-
charge of his official duties, which, if pur-
chased by the County, shall be bought in the
manner prescribed by law for the purchase of
supplies and paid for out of the General Fund
of the county and they shall be and remain the
property of the county. The expense of mainte-
nance, depreciation and operation of such auto-
mobiles as may be allowed, whether purchased by
the county or owned by the Sheriff or his De-
puties personally, shall be paid for by the
Sheriff and the amount thereof shall be reported
by the sheriff, on the report above mentioned,
in the same manner as herein provided for other
expenses."

The Commissioners' court is a creature of the
State Constitution, and in the exercise of its functions,
the court's power, authority and duties are strictly lim-
ited to those expressly or impliedly conferred upon it by
the Constitution and the laws of this state. Acts outside
of these definite bounds are null and void. (Mills County
vs. Lampasas County, 40 S. W. 403; Commissioners' Court of
Madison County vs. Wallis, 15 S. W. (2d) 538; Satsfield v.
Sheppard, 39 S. W. (2d) 1111; Von Rosenberg vs. Lovett,
173 S. W. 508; Miller vs. Brown, 216 S. W. 452; Texas Juris.
Vol. 11, pp. 563-4-5).

Consequently, from the proposition and authorities
cited above, before the commissioners court in the situa-
tion now confronting us can legally pay the county clerk
money representing expenses of that office over a nine year
period, there must be some expressed or implied authority
found in the Constitution or the laws of this State confer-
ring that right or justifying that action.

The county officials of Baylor County are compen-
sated on a fee basis. Article 3899, supra, regarding the
expenses of county officials, with few exceptions, has been

in the same form during the nine year period we now have under consideration. This statute has always allowed the expenses enumerated therein for county officials compensated on a fee basis, incurred by them in the conduct of their offices. However, these expenses were never paid by the county, but the amount of such expenses, together with the amount of salaries paid to assistants, deputies and clerks were to be paid out of the fees earned by such officer. Under the old statute (3899, 3897) such expenses and salaries were to be paid out of the excess fees earned by such officer. Now, under the present statute, such expenses and salaries are to be paid out of the fees earned by such officer. Said officer can legally deduct the salaries of his assistants and deputies and the authorized expenses under Article 3899, supra, in arriving at his maximum compensation.

The county has paid the county clerk ex-officio compensation in the approximate sum of $1400.00 per year during the above mentioned nine year period. The commissioners' court is debarred from allowing compensation for ex officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided by law. As above stated, county officials who are compensated on a fee basis must pay their expenses out of fees earned by their respective offices, and the commissioners' court is without authority to allow payment of the same by the county.

You are respectfully advised that it is the opinion of this department that the above mentioned expenses of the county clerk should have been paid by him from fees of office and the county has no authority to pay such expenses.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  (Signed)
Ardell Williams
Assistant

AW:JM
Approved April 20, 1940.
Grover Sellers, First Assistant
Attorney General

Approved:  Opinion Committee by BWB - Chairman